(5 Misc. Rep. 363.)

## DARROW v. RILEY.

(Monroe County Court. October, 1893.)

1. SUPPLEMENTARY PROCEEDING—APPOINTMENT OF RECEIVER.

In supplementary proceedings, failure to make an order appointing a receiver on the return day of the motion therefor is a mere irregularity, that can only be taken advantage of by the judgment debtor.

2. SAME—MANDATORY OR PERMISSIVE STATUTE.

Code Civil Proc. § 52, which provides that "in case of * * * absence from the county or other disability of an officer before whom a special proceeding has been instituted, where no express provision is made by law for the continuance thereof, it may be continued" before another officer of the county, is not mandatory, and therefore a judge who is absent from the county on the return day of a motion made before him for the appointment of a receiver in supplementary proceedings may appoint the receiver on a later day.

Action by Darrow against Riley. A receiver was appointed in supplementary proceedings, and a judgment creditor in another proceeding against defendant moves to set aside the appointment. Denied.

F. L. Durand, for the motion.
Cassius C. Davy, opposed.

WERNER, J. The propriety of appointing a receiver of the defendant and judgment debtor's property is not questioned in this proceeding. The judgment creditor himself has made no application to set aside the order appointing the receiver herein upon the ground that the testimony taken in the proceeding does not warrant the appointment of a receiver. The question we are called upon to decide arises solely upon the claims of opposing judgment creditors, each of whom claims the right to have a receiver appointed in his proceeding. It is contended on the part of Mr. Durand that the appointment of a receiver in this proceeding is not regular, for the reason that, upon the day when the motion for the appointment of the receiver was returnable, the county

judge was absent from the county of Monroe. It is contended on the part of the judgment creditor herein that, although the county judge was absent from the county on the day when the motion was returnable, yet, the order having been made on the next day, and immediately upon his return, jurisdiction of the proceedings was not lost, and that the appointment of a receiver on a different day than that stated in the motion does not affect the jurisdiction of the court. When it was first suggested that the receiver appointed in this proceeding was objectionable to the judgment creditor in the other proceeding, the court proposed the appointment of another receiver who would be satisfactory to both parties, but, as this did not seem to meet with the approval of the parties interested, we are now called upon to dispose of this motion upon the questions which are presented.

Counsel for this motion relies upon section 52 of the Code of Civil Procedure, which provides that "in case of the death, sickness, resignation, removal from office, absence from the county, or other disability of an officer before whom a special proceeding has been instituted, where no express provision is made by law for the continuance thereof, it may be continued before the officer's successor, or any other officer residing in the same county before whom it might have been originally instituted." It seems to us there are two answers to this objection: In the first place, the judgment debtor himself is the only person who can make the objection, (Underwood v. Sutcliffe, 10 Hun, 453,) and, again, we think that a fair interpretation of this section does not require the conclusion that, because the judicial officer before whom the motion is made returnable happens to be out of the county on the return day, he loses jurisdiction. On the contrary, we think it may be fairly argued that this section provides a method by which a proceeding may be continued in case of the death, sickness, resignation, removal from office, or absence from the county of such official; in other words, the language of the section is not mandatory. But, even if this language should be held to be mandatory, there is nothing in the irregularity here complained of which affects the jurisdiction of the court. The court already had jurisdiction of the proceeding. The failure to make the order upon the return day of the motion, whether on account of the absence of the judge from the county, or for some other reason, is a mere irregularity; and, as we have already suggested, this can only be taken advantage of by the judgment debtor himself.

It is further claimed by counsel for this motion that, under section 2465 of the Code, it is the duty of the judge before whom the proceedings are pending to ascertain whether other similar proceedings are pending against the judgment debtor, and, if so, to direct that notice of the application for the appointment of a receiver and of all subsequent proceedings respecting the receivership be given, in such a manner as the judge directs, to the judgment creditor prosecuting it; that the provisions of this section have not been complied with, because no written direction or order respecting the notice to other judgment creditors was made.

It is conceded that an oral direction or order, requiring notice to be given to the other judgment creditors, was in fact made, and that such notice was received; but it is contended that this is not a compliance with the provision of the section last above mentioned. This question was not raised at the time the receiver was appointed. Counsel for this motion had an opportunity to be heard at that time. The judge, on account of his absence on the day when the motion was returnable, required the attorney for the judgment creditor in this proceeding to give verbal notice to the counsel for this motion that, if he desired to be heard upon the motion for the appointment of a receiver, he could have an opportunity. Counsel elected not to avail himself of such opportunity, but elected to stand upon his strict legal rights. It may be doubted whether, under the provisions of section 2465, the court is required to make a written order or direction respecting the notice. It has been the usual practice in this court to require this to be done, and an oral direction as to the notice to be given to other judgment creditors has always been regarded as sufficient. This consideration, added to the suggestion that upon this point, as well as upon the first above mentioned, the judgment debtor is the only person who can complain of the irregularity, leads us to the conclusion that, in spite of the alleged irregularity attending the appointment of the receiver herein, the order made should stand. The motion to set aside the order appointing a receiver herein is therefore denied, with costs.